# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-9863-GW-ASx | Date | January 4, 2021 |
|---|---|---|---|
| Title | *Brittney Mejico v. Boat U.S., Inc., et al.* | | |

---

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Scott J. Ferrell | Gregory F. Hurley |

**PROCEEDINGS:** TELEPHONIC HEARING ON PLAINTIFF'S MOTION TO REMAND [10]

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Plaintiff's counsel will file additional materials forthwith. Court to issue its final ruling.

|  | : | 11 |
|---|---|---|
|  | Initials of Preparer | JG |

<u>Mejico v. Boat U.S., Inc. et al.</u>; Case No. 2:20-cv-09863-GW-(ASx)
Tentative Ruling on Plaintiff's Motion to Remand

I.   **Background**[1]

The lawyers for both parties by now are very familiar with each other and the fact that many courts – including this one – have granted motions to remand identical to the one here. The defendant does not oppose this motion to remand, but asks that the Court not award the plaintiff costs and attorney fees incurred as a result of the removal. For the reasons discussed below, the Court **GRANTS** the motion to remand and will award costs and attorney fees.

In September 2020, plaintiff Brittney Mejico filed a lawsuit in state court against defendant Boat/U.S., Inc. alleging a single claim under California's Unruh Civil Rights Act. Mejico alleged that Boat failed to make its website accessible to visually impaired people. Boat removed the case to this Court, arguing that there was federal-question jurisdiction because the Unruh Act incorporates the federal Americans with Disabilities Act. Mejico then filed this motion to remand.

II.   **Discussion**

Courts in this district have repeatedly held that there is no federal-question jurisdiction in cases such as these alleging only a single claim under the Unruh Act. While the Unruh Act incorporates the ADA, the two are not coextensive. In cases such as this one where the complaint does not indicate that it is necessarily based on an ADA-violation, remand is appropriate. *See, e.g.*, *Martinez v. Perrigo Co. PLC*, 20-cv-08705, 2020 WL 6882639, at *1 (C.D. Cal. Oct. 20, 2020) (Wu, J.), *Ogletree v. The Atl. Monthly Grp., LLC*, No. 20-cv-09023, 2020 WL 6882636, at *1 (C.D. Cal. Oct. 20, 2020) (Wu, J.); *Licea v. Chegg, Inc.*, No. 20-cv-08615, 2020 WL 6281404, at *1 (C.D. Cal. Oct. 23, 2020) (Wu, J.); *Castillo v. Tamara Mellon Brand, Inc.*, No. 19-cv-10466, 2020 WL 703693, at *2 (C.D. Cal. Feb. 10, 2020) (Wu, J.).[2]

The lawyers for both parties are well aware of this: they are the ones who have been

---

[1] The following abbreviations are used for the filings: (1) Notice of Removal ("NoR"), ECF No. 1; (2) Plaintiff's Motion to Remand ("Mot."), ECF No. 10; (3) Defendant's Opposition to Defendant's Motion to Dismiss ("Opp."), ECF No. 11.

[2] The list goes on as to other judges within the Central district. *See e.g.*, *Martin v. Aspen Skiing Co.*, No. 20-cv-01812-DOC, 2020 WL 6376674, at *3 (C.D. Cal. Oct. 30, 2020) (Carter, J.); *Martinez v. Pioneer Electronics (USA) Inc.*, No. 20-cv-00738, 2020 WL 1846791, at *1 (C.D. Cal. Mar. 16, 2020) (Gutierrez, J.); *Martinez v. Adidas Am.*, No. 19-cv-00841, 2019 WL 3002864, at *3 (C.D. Cal. July 9, 2019) (Bernal, J.); *Martinez v. Matrix Health Prods.*, No. 19-cv-00742, 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) (Carter, J.).

1

litigating so many of these cases (and all of the ones just cited to). Boat does not oppose remand. *See* Opp. at 1.

Following remand of a case after unsuccessful removal, the district court may, in its discretion, award costs and attorney fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court will award costs and attorney fees in this case. Given the number of times courts have rejected identical arguments presented by defense counsel themselves, defense counsel should have known that it lacked an objectively reasonable basis for removing the case. *See, e.g.*, *Klawiter v. Ford Motor Co.*, No. 19-cv-01889, 2019 WL 2484321, at *3 (N.D. Cal. June 14, 2019) ("Given the number of times courts have rejected these same arguments – as presented by Ford itself – [plaintiffs] are entitled to their actual expenses, including attorney fees, associated with Ford's removal of this case."). In fact, in one of the many other similar cases, the Court warned Boat's lawyers that:

> [S]hould Defendant's counsel continue to remove cases from state court to this Court that do not differ from the pleading approach taken in cases such as this one and *Licea*, and in the absence of controlling or *exceedingly persuasive* (and new) authority supporting such a maneuver in a case involving the *exact same* pleading approach in an Unruh Act case, the case for sanctions and/or awards of attorney's fees against at least Defendant's counsel becomes very strong.

*Ogletree*, 2020 WL 6882636, at *2.

None of defense counsel's arguments against the award of costs and attorney fees are persuasive. They suggest that plaintiff's counsel failed to comply with the local rules requiring the parties to meet and confer in good faith before filing any motion. *See* Opp. at 3-5. However, their claim that their first notice from plaintiff's counsel about the upcoming motion to remand was through an email sent on November 23, 2020 appears incorrect. Plaintiff's counsel emailed defense counsel on November 2 asking them to "allow this letter to constitute Plaintiff Brittney Mejico's request under Local Rule 7-3 that [Boat] consent to the remand[]." Mot., Exh. 1.

As for defense counsel's legal argument, the only case they rely on was from 15 years ago. *See* Opp. at 6 (citing *Gunther v. Ralphs Grocery Co.*, No. 06-cv-01067, 2005 WL 3789616 (C.D. Cal. Aug. 5, 2005)). That opinion, which contained only five sentences, did not even

2

mention the Unruh Act so it is not clear whether it even addressed the same remand issue. What is clear, however, is that the same judge in *Gunther* rejected the exact same argument (admittedly, in a case that did not involve defense counsel) just three years ago. *See Rios v. CWGS Enter., LLC*, No. 17-cv-03614, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) (Lew, J.).

Finally, defense counsel notes that there has been "a virtual tsunami of access litigation" such as this case that "serves no benefit other than to line the pockets of opportunistic counsel." Opp. at 1. That may all be true. But the fact that Mejico and her counsel may be serial litigants filing "copy and paste lawsuits" does not excuse defense counsel's responsibility to not remove cases where there is no objectively reasonable basis for doing so.

### III.    Conclusion

Based on the foregoing discussion, the Court **GRANTS** the motion and remands the case to state court. Boat is ordered to pay Mejico the costs and attorney fees incurred as a result of the removal. Mejico will submit a request to the Court setting forth the costs and attorney fees incurred.