# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-9863-GW-ASx | Date | February 18, 2021 |
|---|---|---|---|
| Title | *Brittney Mejico v. Boat U.S., Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Victoria C. Knowles | Bradley J. Leimkuhler |

**PROCEEDINGS:**    **TELEPHONIC HEARING ON PLAINTIFF'S MOTION TO REMAND [10]**

Court hears further argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED. The Court awards Plaintiff attorney fees and costs as stated on the record. Plaintiff is to file a proposed order re fees and remand forthwith.

| | : | 06 |
|---|---|---|
| Initials of Preparer | JG | |

_**Mejico v. Boat U.S., Inc. et al.**_; Case No. 2:20-cv-09863-GW-(ASx)
Tentative Ruling re Attorney Fees/Costs Request Based on Plaintiff's Motion to Remand

## I.     Background[1]

This case is one of many in this district filed by plaintiff's counsel alleging that various defendants failed to make their websites accessible to the visually impaired.[2]  They have all followed the same pattern: (1) the plaintiff sues in state court alleging a single claim under California's Unruh Civil Rights Act; (2) the defendant removes the case to federal court, arguing that there is federal-question jurisdiction because the Unruh Act incorporates the Americans with Disabilities Act; and (3) upon the plaintiff's motion to remand, the court finds there is no federal-question jurisdiction and remands the case.

This case followed that pattern, with the additional step that the Court decided that an award of attorney fees and costs to the plaintiff was now warranted.  The lawyers for the parties are very familiar with each other because they have been litigating many of these website accessibility cases – several of them before the Court.  Given the string of remands, defense counsel lacked an objectively reasonable basis for removing this case.  For the reasons discussed below, the Court **GRANTS IN PART** the request for attorney fees and costs.

## II.    Discussion

Following remand of a case after unsuccessful removal, the district court may, in its discretion, award costs and attorney fees "incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." _Martin v. Franklin Capital Corp._, 546 U.S. 132, 141 (2005).

Plaintiff's counsel seeks an award of nearly $50,000 in attorney fees and costs in connection with the motion to remand and this motion for attorney fees.  _See_ Mot. at 1.  This is

---

[1] The following abbreviations are used for the filings: (1) Plaintiff's Motion for Attorney Fees ("Mot."), ECF No. 18; (2) Defendant's Opposition to Plaintiff's Motion for Attorney Fees ("Opp."), ECF No. 19; (3) Plaintiff's Reply in support of its Motion for Attorney Fees ("Reply"), ECF No. 20.

[2] _See, e.g._, _Martinez v. Perrigo Co. PLC_, 20-cv-08705, 2020 WL 6882639, at *1 (C.D. Cal. Oct. 20, 2020) (Wu, J.), _Ogletree v. The Atl. Monthly Grp., LLC_, No. 20-cv-09023, 2020 WL 6882636, at *1 (C.D. Cal. Oct. 20, 2020) (Wu, J.); _Licea v. Chegg, Inc._, No. 20-cv-08615, 2020 WL 6281404, at *1 (C.D. Cal. Oct. 23, 2020) (Wu, J.); _Castillo v. Tamara Mellon Brand, Inc._, No. 19-cv-10466, 2020 WL 703693, at *2 (C.D. Cal. Feb. 10, 2020) (Wu, J.).

based on a lodestar figure computed using $850 and $750 as the hourly rates for the two attorneys and 66 hours spent in total. *Id.*, Exh. 1.

The requested amount is unreasonable. This case has been relatively simple. On top of that, it is by now routine. Yet Plaintiff's counsel reports spending many hours preparing briefs that are nearly identical to those they submitted in the other website accessibility cases. For example, the only difference between the motions to remand filed by Plaintiff's counsel in this case and the other cases is that their briefing in this case cited to the Court's rulings in some of those earlier cases and asked for an award of attorney fees. *See, e.g.*, Reply, Exh. 2 (a redline between the motion to remand in this case and the same motion in *Martinez v. Perrigo Co. PLC*, No. 2:20-cv-08705-GW, ECF No. 9). Plaintiff's counsel's characterization of its various briefs (for both the motion to remand and the motion for attorney fees) as "clearly unique," "very unique," and "exceptionally unique" is not convincing. Reply at 17, 19, 20.

Plaintiff's counsel have requested attorney fees and costs in the other website accessibility cases in this district. Those amounts have been for several thousand dollars – not $50,000. *See* Opp. at 10 (citing *Martinez v. Adidas Am.*, No. 19-cv-00841 (plaintiff's counsel requesting $6,125 in fees associated with the motion to remand); *Martinez v. Matrix Health Prods.*, No. 19-cv-00742 (same)). They have been as low as $4,375. *See id.* (citing *Licea v. Reebok Int'l*, No. 19-cv-00970).

The Court finds that these amounts are an appropriate benchmark and therefore awards $4,375 in attorney fees and costs.[3] It is true that those earlier amounts did not include time spent preparing the motion for attorney fees and costs. However, that motion is very straightforward. The time spent on it is offset by the time plaintiff's counsel saved in its improved efficiency in filing motions to remand in these website accessibility cases.

## III.   Conclusion

Based on the foregoing discussion, the Court **GRANTS** the motion and awards the plaintiff $4,375 in attorney fees and costs.[4]

---

[3] Had Plaintiff's counsel not gone grossly overboard in his initial request for $50,000, the Court might have been inclined to award the $6,125 figure.

[4] The defendant argues that the Court should in its discretion deny the requested award because Plaintiff's counsel failed to comply with the meet-and-confer requirements and failed to timely file this motion. These purported failures are very minor and so the Court will not deny the request on that basis.